UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KWAN JENKINS

                          CASE NO: 3:09CV1194 (SRU) (WIG)

DOCTOR JOHN DOE, ET AL.

## **RULING AND ORDER**

    The plaintiff seeks a court order that the defendant arrange to have him undergo an M.R.I. of his knee and to schedule him to be examined by an orthopedist. He claims that the defendant has not properly diagnosed his injury and he cannot effectively present his case to the court at trial. Rule 35(a), Fed. R. Civ. P., provides, in pertinent part:

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The decision to grant or deny a Rule 35(a) examination is committed to the discretion of the district court. *See O'Quinn v. New York University Medical Center*, 163 F.R.D. 226, 228 (S.D.N.Y. 1995); *Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y. 1993). The cost of the examination, however, is the

responsibility of the moving party. *See Eckmyre v. Lambert*, No. Civ. A. 87-222-O, 1988 WL 573858, at *1 (D. Kan. Sept. 8, 1988) (noting that the moving party bears the cost of the examination and the party being examined bears all other costs). The plaintiff has not indicated how he intends to pay for the examination and testing he seeks.

Furthermore, Rule 35, Fed. R. Civ. P., does not authorize a party to file a motion for his own physical examination. *See Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (Rule 35 motion not properly used to obtain medical care or to complain of deliberate indifference to an inmate's medical needs); *Lindell v. Daley*, No. 02-C-459-C, 2003 WL 23111624, at *1-2 (W.D. Wis. June 30, 2003) (Rule 35 allows the court to "order plaintiff to submit to an examination at the request of the opposing party.... The rule is not intended to cover a situation such as the one here, where plaintiff wishes an examination of *himself*." (emphasis in original)). Although the injury to the plaintiff's knee is a matter in controversy as alleged in the amended complaint, the plaintiff's motion is simply an attempt to obtain medical treatment for his injury. Thus, the plaintiff's motion for an examination pursuant to Rule 35, Fed. R. Civ. P., is denied.

To the extent that the plaintiff is requesting the court to order the defendant to produce him for a medical examination and M.R.I., the findings and results of which would be used by him to

2

rebut the testimony of the defendant at trial, the plaintiff's request is construed as a motion for the appointment of a medical expert. Such a request is premature as the defendant has moved for summary judgment and the case has not been scheduled for trial. Accordingly, for the reasons discussed above, the motion seeking a physical examination and testing is denied without prejudice to renewal once this case is set for trial.

## Conclusion

The plaintiff's Motion for a Rule 35 Examination [**doc. # 14**] is **DENIED** without prejudice to renewal if the case proceeds to trial. The plaintiff shall file his response to the defendant's **motion for summary judgment on or before February 4, 2011.**

SO ORDERED this ___13th___ day of January, 2011, at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
William I. Garfinkel
United States Magistrate Judge